USDC SCAN INDEX SHEET










```
JPP    3/10/06    9:38
3:05-CV-00916   DALKILIC V. TITAN CORPORATION
*52*
*APPL.*
```

Paul Hoffman, SBN 071244
Benjamin Schonbrun, SBN 118323
Michael D. Seplow, SBN 150183
Michael Morrison, SBN 205320
SCHONBRUN DE SIMONE SEPLOW
    HARRIS & HOFFMAN LLP
723 Ocean Front Walk
Venice, CA 90291
(310) 396-0731
Fax:   (310) 399-7040

Patricia Depew, SBN 174720
LAW OFFICES OF PATRICIA DEPEW
1801 Century Park E 24FL
Los Angeles, CA 90067
(310) 284-8494

Attorneys for Plaintiffs

FILED
2006 MAR -9 PM 12: 27
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVAS DALKILIC and TUNCAY MUKERREM CELIK,<br><br>   Plaintiffs,<br><br>v.<br><br>THE TITAN CORPORATION, a Delaware Corporation, and SOS INTERNATIONAL LIMITED, a New York domestic business corporation,<br><br>   Defendants. | Case No. 05 CV 0916 JAH (AJB)<br><br>**PLAINTIFFS' EX PARTE APPLICATION FOR ORDER ALLOWING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANT SOS INTERNATIONAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISIDCTION; DECLARATION OF MICHAEL MORRISON IN SUPPORT THEREOF**<br><br>Judge:   Hon. John A. Houston<br>Courtroom:   11 |

05CV0916

1 | TO ALL PARTIES AND COUNSEL OF RECORD:

2 | PLEASE TAKE NOTICE THAT on March 9, 2006, Plaintiffs will file an ex parte application in order to obtain an order from the Court allowing plaintiffs to file supplemental briefing in opposition to defendant SOS International Ltd's ("SOSi") Motion to Dismiss for Lack of Personal Jurisdiction. The request is based on defendant SOSi's production of over 1000 pages of documents which it argues in its Reply Memorandum are relevant to the issue of personal jurisdiction. The ex parte application will further seek an order which will (1) maintain the current hearing date for defendants' Motions to Dismiss and (2) preclude defendants from filing supplemental briefing of their own in response to plaintiffs' supplemental briefing.

On March 7, 2006, Michael Morrison, one of the counsel for plaintiffs, e-mailed Rupa Singh, counsel for defendant SOSi, and Koji Fukumura, counsel for defendant The Titan Corporation, about this ex parte application. Ms. Singh responded by e-mail that SOSi would oppose any order that would limit SOSi's ability to respond to plaintiffs' supplemental briefing. However, she stated SOSi was agreeable to allowing plaintiffs to file a 3-4 page reply provided it was filed this week and was based solely on the new documents which were produced. As of 10:00 am on Wednesday, March 8, 2006, plaintiffs have not heard from Koji Fukumura. Declaration of Michael Morrison ("Morrison Dec."), ¶ 5.

## EX PARTE APPLICATION

Plaintiffs' request for supplemental briefing is based on defendant SOSi's eleventh hour submission of more than 1000 pages of documents which detail some of its business contacts with California. The aforementioned documents were not produced to plaintiffs until March 7, 2006. Morrison Dec., ¶ 3. Defendant SOSi first indicated it was producing the documents on March 2, 2006, one day before the filing of their Reply Memorandum in support of its motion to dismiss plaintiffs' complaint for lack of personal jurisdiction. Morrison Dec., ¶ 2. Although defendant SOSi, pursuant to a stipulation, was supposed to file its Reply Memorandum on March 1, 2006, based on representations that SOSi officer Julian Setian was out of the country and could not sign

- 1 -

05CV0916

1  his declaration until after March 1, 2006, the parties stipulated to allow SOSi to file its Reply on
2  March 3, 2006. Morrison Dec., ¶ 2.
3        Defendant's only articulated reason for its belated production of the documents is that the
4  documents were inadvertently overlooked by its employees while they were searching for
5  responsive documents to Plaintiffs' Document Requests Re: Personal Jurisdiction, which were
6  served on SOSi September 19, 2005. Defendant SOSi was given until December 15, 2005 to
7  produce all responsive documents. Morrison Dec., ¶¶ 2-3. Despite this lengthy period of time, it
8  appears that more than 1000 pages of invoices slipped through the crack.
9        SOSi relies upon the newly discovered documents it recently produced in its Reply
10 Memorandum. In particular, SOSi uses on the new documents to downplay its contacts with
11 California during the relevant time period. SOSi claims that the documents show that there was a
12 disparity between what the government budgeted for projects involving SOSi and what SOSi
13 actually derived from these projects. Reply Memorandum at 3. Julian Setian, in his declaration
14 attached to SOSi's reply, further states the new documents show that plaintiffs' tallies of the
15 revenues SOSi derived from its project with the DEA in Los Angeles and the hours its employees
16 worked are wrong and that accurate tallies can be gleaned from the newly discovered documents.
17 Declaration of Julian Setian, ¶¶ 11-18.
18       Based upon defendant's reliance upon the newly discovered documents in its Reply, it
19 would patently unfair to deprive plaintiffs of the opportunity to refute the purported significance
20 of the documents that defendant SOSi's claims. Indeed, it is readily apparent that defendant's
21 new documents change nothing. The Supplemental Briefing plaintiffs are filing concurrently
22 with this application is limited solely to the issue of the significance of the new documents to
23 defendant's Motion to Dismiss for Lack of Personal Jurisdiction. Overall, plaintiffs could suffer
24 prejudice if defendants are allowed to have the last (and only) word on documents it produced at
25 the last minute through no fault of plaintiffs. Morrison Dec., ¶ 4. Plaintiffs would also be
26 unfairly prejudiced if defendant SOSi was allowed a second briefing on the documents it just
27 produced. In essence, defendant would get extra time and an extra chance to beef up the
28 arguments it already made with respect to these documents in its Reply.

1     Accordingly, this Court should issue an order allowing plaintiffs to submit Supplemental Briefing in Opposition to Defendant SOSi's Motion to Dismiss for Lack of Personal Jurisdiction. It should further issue an order preventing defendants from filing any additional briefing in response to plaintiffs' Supplemental Briefing.

    By submitting this ex parte application, plaintiffs wish to preserve the current hearing date for defendants' Motions to Dismiss. Thus, plaintiffs oppose any movement of the March 16, 2006 hearing date.

Dated: March 7, 2006

                        SCHONBRUN DESIMONE SEPLOW
                        HARRIS & HOFFMAN LLP

                        By: *Michael Morrison* (signature)
                            Michael Morrison
                            Attorneys for Plaintiffs

# DECLARATION OF MICHAEL MORRISON

I, Michael Morrison, declare as follows:

1.  I am an attorney at law duly authorized and licensed to practice in the Southern District of California. I am one of the attorneys representing plaintiffs in this action. I have personal knowledge of the within stated facts.

2.  On Thursday, March 2, 2006, I received a telephone call from Rupa Singh, counsel for defendant SOSi. Ms. Singh informed me that SOSi had recently discovered "new" documents which its employees inadvertently overlooked when searching for responsive documents to plaintiffs' Request for Documents Re: Personal Jurisdiction. Ms. Singh's call came one day before defendant SOSi was required to file its Reply Memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction. Originally, defendant's Reply was due to be served on March 1, 2006. However, the parties agreed to stipulate to a two-day extension for defendant SOSi to file its Reply based on Ms. Singh's representations that Julian Setian was out of the country and could not sign his declaration until after March 1, 2006.

3.  On March 7, 2006, I received a box of the new documents SOSi produced. The box contained over 1000 new documents. The production of these newly discovered documents comes nearly six months after plaintiffs served document requests on September 15, 2006, which were relevant to the issue of personal jurisdiction, and nearly three months after defendant produced what it believed were all responsive documents on December 15, 2006.

4.  In reviewing the documents, it is clear the documents will not alter the substance of plaintiffs' opposition to SOSi's motion to dismiss. In particular, the documents do not alter the conclusion that SOSi's contacts with California was substantial, continuous, and systematic. Nonetheless, because defendant in its Reply makes certain characterizations about the documents, plaintiffs could suffer prejudice if not allowed to dispute these characterizations. The

Supplemental Brief being filed concurrently with this application is limited solely to discussing the significance of the newly produced documents.

5. On March 7, 2006, I e-mailed Rupa Singh, counsel for SOSi, and Koji Fukumura, counsel for the Titan Corporation, and informed them of the substance of this ex parte application and the fact that plaintiffs would file their application on March 9, 2006. Ms. Singh responded by e-mail that they would oppose any order that would limit SOSi's ability to respond to plaintiffs' supplemental briefing. However, she stated SOSi was agreeable to allowing plaintiffs to file a 3-4 page reply provided it was filed this week and was solely based on the new documents which were produced. As of 10:00 am on Wednesday, March 8, 2006, I have not heard from Mr. Fukumura.

I declare, under penalty of perjury, the foregoing to be true and correct.

Executed this 8th day of March, 2006, at Venice, California.

*Michael Morrison* (signature)

Michael Morrison

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a resident of the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 723 Ocean Front Walk, Venice, California 90291.

On **March 8, 2006**, I caused the foregoing document described as:

**PLAINTIFFS' EX PARTE APPLICATION FOR ORDER ALLOWING PLAINTIFFS TO FILE SUPPLEMENTAL BRIEFING IN OPPOSITION TO DEFENDANT SOS INTERNATIONAL'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; DECLARATION OF MICHAEL MORRISON IN SUPPORT THEREOF**

to be served on all interested parties in this action by placing ___ an original or __X__ a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Rupa Sing, Esq. | Koji F. Fukumura, Esq. |
| McKenna Long & Aldridge LLP | Cooley Godward LLP |
| 750 B Street, Suite 3300 | 4401 Eastgate Mall |
| San Diego, CA 92101 | San Diego, CA 92121 |

___ **[BY MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The envelope was mailed with postage thereon fully prepaid.

___ **[BY CERTIFIED MAIL]** I caused such envelope to be deposited in the mail at Venice, California. The certified envelope was mailed with postage thereon fully prepaid.

__X__ **[BY FEDERAL EXPRESS]** I caused such envelope to be delivered via federal express at Venice, California.

___ **[BY PERSONAL DELIVERY]** I caused the foregoing document to be personally served in court on the interested party.

___ **[BY FAX]** I transmitted the above document to the above facsimile.

__X__ **[STATE]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Jeff Chemerinsky

Proof of Service